UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-25020

DOROTHY CROWE,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, DOROTHY CROWE ("Plaintiff"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION ("Defendant"), and demands trial by jury, stating as follows:

## PARTIES AND JURISDICTION

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

4. Suit is filed in federal court because of the federal forum selection clause in the passenger contract ticket issued by the Defendant.

5. Plaintiff is *sui juris* and is a resident and citizen of the state of South Carolina.

6.     Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

7.     Defendant is a dual citizen of the State of Florida and the nation of Panama.

8.     Defendant, at all times material hereto, personally or through an agent, in Miami-Dade County Florida, in the Southern District of Florida:

     a.     Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

     b.     Had an office or agency in this state and/or county; and/or

     c.     Engaged in substantial activity within this state; and/or

     d.     Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9.     All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## DEFINITIONS AND FACTUAL ALLEGATIONS

10.     (Henceforth, the subject "area" shall include, but not be limited to, the subject ramp, gangway, handrails and all material pertaining thereto).

11.     At all times material hereto, Defendant, CARNIVAL, owned, operated, managed, maintained, and/or controlled the vessel, the Carnival *Sunshine.*

12.     On or about January 2, 2020, Plaintiff was a lawfully fare paying passenger aboard Defendant's cruise ship vessel, the Carnival *Sunshine.*

13.   Plaintiff's incident occurred when Plaintiff was attempting to disembark the Carnival *Sunshine*. However, the ramp for disembarking from the gangway to the dock was short, steep, had a sharp decline angle, and there were no handrails on this ramp. When Plaintiff reached this ramp, Defendant's crewmembers suddenly, and without Plaintiff's consent or approval, started shoving Plaintiff's scooter and told Plaintiff to accelerate, but Plaintiff did not believe that it was safe to use her scooter on this ramp and wanted to walk down instead. Therefore, Plaintiff told these crewmembers "no" multiple times as they were shoving Plaintiff's scooter towards the ramp. However, Defendant's crewmembers did not listen to Plaintiff, and they continued to shove Plaintiff's scooter towards the ramp, causing the scooter to tip over and the wheel of her scooter to bend. As a result, this caused Plaintiff to have to reach backwards and to grab the handrail on the gangway, thereby causing her right hand and wrist to sustain severe injuries, and this also caused Plaintiff to attempt to stop the scooter with her feet, thereby causing her left foot to sustain severe injuries, and causing damage to her scooter such that she lost the value of her scooter.

14.   Defendant knew or should have known of the dangers for reasons that include, but are not limited to, that Defendant knew that its crewmembers should not shove passengers or their scooters without their permission or consent, both as a matter of common sense, as well as because Plaintiff communicated to Defendant's crewmembers that she did not want them to shove her scooter, and because of prior incidents involving, among other things, other incidents and/or complaints regarding similar pushing/shoving, similar inadequate/unwanted "assistance," and/or similar incidents involving similar gangways, ramps, handrails, scooters, and/or similar areas, devices, and/or other objects, and/or other similar circumstances, and/or other reasons.

**COUNT I**
**NEGLIGENT HIRING AND RETENTION**

15.   Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 14 as if set forth herein.

16.   The Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of its passengers.

17.   Such duty includes, but is not limited to, the duty not to improperly attempt to assist passengers without their consent or approval, and to provide its passengers reasonable care to inspect for, resolve, and/or repair dangerous, hazardous, and/or risk- creating conditions that passengers, including the Plaintiff, will likely encounter.

18.   Such duty includes, but is not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers

19.   Such duty includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

20.   At all times material, Defendant, through its officers, managers, recruiters, vessel, and/or other agents, employees, staff, crew, and/or representatives, who were acting in the course and scope of their employment and/or agency with Carnival, breached the duty of reasonable care owed to the Plaintiff and was negligent through negligently vetting, selecting, hiring, and/or retaining its crewmembers responsible for assisting passengers, as well as inspecting, cleaning, and/or maintaining the subject area and the vicinity, warning passengers of the dangerous conditions, and/or otherwise making sure Plaintiff and the area where Plaintiff's incident occurred were safe, and Defendant knew or should have known these crewmembers were dangerous, incompetent, unqualified, and/or liable to do harm.

21.   It was foreseeable to Defendant that passengers like Plaintiff would suffer incidents

if the subject crewmembers shoved passengers and/or their scooters without their permission or consent, the subject ramp was short, steep, had a sharp angle and/or decline, and lacked adequate handrails, and/or that the subject crewmembers and area were otherwise risk creating and/or dangerous.

22.   It was therefore foreseeable that the subject crewmembers would require adequate hiring, retention, training, supervision, discipline, and termination, and that the subject area would require proper inspection, cleaning, maintenance, warning passengers of risk creating and/or dangerous conditions, and/or other efforts to make sure Plaintiff and the area where Plaintiff fell were safe.

23.   At all times material, the Defendant owed a duty to use reasonable care in hiring and/or retaining all crewmembers.

24.   When Defendant elected to hire its crewmembers, it had a duty to vet, select, and/or hire crewmembers who were adequately qualified, trained, and experienced to work aboard ships and to act appropriately when attempting to assist passengers, and to conduct inspections, cleanings, maintenance, warning passengers of risk creating and/or dangerous, and/or to make other efforts to make sure Plaintiff and the area where Plaintiff fell were safe.

25.   Defendant negligently knew or should have known that the ship's crewmembers were dangerous and incompetent and liable to do harm to its passengers.

26.   Defendant failed to conduct a reasonable investigation regarding the competence of the ship's crewmembers responsible for assisting passengers and/or being present in the subject area, and for inspecting, cleaning, and/or maintaining the subject area and the vicinity, warning passengers of risk creating and/or dangerous conditions, and/or otherwise making sure Plaintiff and the area where Plaintiff fell were safe, including failing to adequately evaluate its crewmembers' performance

during their tenure with it, and including, but not limited to, by failing to properly review and/or analyze their success record in how often they behaved properly when attempting to assist passengers, as well as how often they adequately inspected, cleaned, and/or maintained the subject area and the vicinity, warned passengers of risk creating and/or dangerous conditions, and/or otherwise made sure passengers and the area where Plaintiff fell were safe, and failing to adequately discipline and/or terminate their employment when their track record was inadequate and/or improper.

27.    Both prior to and during the course of employment of said crewmembers, Defendant became aware or should have become aware of problems with said crewmembers that indicated their unfitness in behaving properly when attempting to assist passengers, to inspect, clean, and/or maintain the subject area and the vicinity, warn passengers of the risk creating and/or dangerous conditions, and/or otherwise make sure Plaintiff and the area where Plaintiff fell were safe, for reasons that include, but are not limited to, that Defendant received, made, and/or was otherwise aware of complaints of the same or similar errors as previously set out in Plaintiff's factual allegations, as well as previous improper behavior when attempting to assist passengers and to perform inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or failures to perform other activities to help make sure Plaintiff and the area where Plaintiff fell were safe. Defendant received complaints of these crewmembers' incompetence, and/or was otherwise aware that they did not have adequate training, qualifications, or experience for assisting passengers or for performing inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or failures to perform other activities to help make sure Plaintiff and the area where Plaintiff fell were safe, which indicated their unfitness and/or predisposition to committing errors, but Defendant failed to take further action such as investigating, discharging, or reassignment.

28.   Defendant owed Plaintiff and its passengers a duty of care, when hiring crewmembers to hire and retain only competent crewmembers.

29.   Defendant breached its duty of care to Plaintiff by hiring and retaining incompetent crewmembers.

30.   As a proximate result, Defendant's crewmembers' improperly attempted to assist Plaintiff without her consent or approval, as well as Defendant's failure to perform adequate inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or other activities to help make sure Plaintiff and the area where Plaintiff fell were safe, and Plaintiff's incident occurred, and Plaintiff suffered severe injuries as a result.

31.   Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred and/or would have been substantially lessened.

32.   As a result of the Defendant's negligence, Plaintiff has suffered the loss of the value of Plaintiff's scooter, severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of ability to earn money.

33.   The losses are either permanent or continuing in nature.

34.   Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, DOROTHY CROWE, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, including the loss of the value of Plaintiff's scooter, including the loss of the value of Plaintiff's scooter, as well as for damages

and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT II**
**NEGLIGENT SUPERVISION AND TRAINING**

35.   Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 14 as if set forth herein.

36.   The Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of its passengers.

37.   Such duty includes, but is not limited to, the duty not to improperly attempt to assist passengers without their consent or approval, and to provide its passengers reasonable care to inspect for, resolve, and/or repair dangerous, hazardous, and/or risk-creating conditions that passengers, including the Plaintiff, will likely encounter.

38.   Such duty includes, but is not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers

39.   Such duty includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

40.   At all times material, Defendant, through its officers, managers, recruiters, vessel, and/or other agents, employees, staff, crew, and/or representatives, who were acting in the course and scope of their employment and/or agency with Carnival, breached the duty of reasonable care owed to the Plaintiff and was negligent through negligently supervising and/or training its crewmembers, whom Defendant knew or should have known were dangerous, incompetent,

unqualified, and/or liable to do harm.

41.   It was foreseeable to Defendant that passengers like Plaintiff would suffer incidents if the subject crewmembers shoved passengers and/or their scooters without their permission or consent, the subject ramp was short, steep, had a sharp angle and/or decline, and lacked adequate handrails, and/or that the subject crewmembers and area were otherwise risk creating and/or dangerous.

42.   It was therefore foreseeable that the subject crewmembers would require adequate hiring, retention, training, supervision, discipline, and termination, and that the subject area would require proper inspection, cleaning, maintenance, warning passengers of risk creating and/or dangerous conditions, and/or other efforts to make sure Plaintiff and the area where Plaintiff fell were safe.

43.   At all times material, the Defendant owed a duty to use reasonable care in supervising and/or training its crewmembers.

44.   Defendant elected to hire crewmembers to adequately assist passengers and to conduct inspections, cleanings, maintenance, warning passengers of risk creating and/or dangerous, and/or to make other efforts to make sure Plaintiff and the area where Plaintiff fell were safe, and it owed a duty to Plaintiff and its passengers to properly supervise and train these crewmembers to adequately do so and to behave properly if and/or when attempting to assist a passenger.

45.   Defendant negligently knew or should have known that these crewmembers were dangerous and incompetent and liable to do harm to its passengers.

46.   Defendant failed to conduct a reasonable investigation regarding the competence of these crewmembers, including failing to adequately evaluate its crewmembers' performance during their

tenure with it, including, but not limited to, by failing to properly review and/or analyze their success record in how often they behaved properly when attempting to assist passengers, as well as how often they adequately inspected, cleaned, and/or maintained the subject area and the vicinity, warned passengers of risk creating and/or dangerous conditions, and/or otherwise made sure passengers and the area where Plaintiff fell were safe, and failing to adequately discipline and/or terminate their employment when their track record was inadequate and/or improper.

47.    Both prior to and during the course of employment of said crewmembers, Defendant became aware or should have become aware of problems with said crewmembers that indicated their unfitness in behaving properly when attempting to assist passengers, to inspect, clean, and/or maintain the subject area and the vicinity, warn passengers of the risk creating and/or dangerous conditions, and/or otherwise make sure Plaintiff and the area where Plaintiff fell were safe, for reasons that include, but are not limited to, that Defendant received, made, and/or was otherwise aware of complaints of the same or similar errors as previously set out in Plaintiff's factual allegations, as well as previous improper behavior when attempting to assist passengers and to perform inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or failures to perform other activities to help make sure Plaintiff and the area where Plaintiff fell were safe. Defendant received complaints of these crewmembers' incompetence, and/or was otherwise aware that they did not have adequate training, qualifications, or experience for assisting passengers or for performing inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or failures to perform other activities to help make sure Plaintiff and the area where Plaintiff fell were safe, which indicated their unfitness and/or predisposition to committing errors, but Defendant failed to take further action such as investigating, discharging, or reassignment.

48.    Defendant breached its duty of care to Plaintiff by failing to provide its crewmembers with proper supervision and/or training to behave properly when attempting to assist passengers and to conduct inspections, cleaning, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or other efforts to make sure Plaintiff and the area where Plaintiff fell were safe.

49.    As a proximate result, Defendant's crewmembers' improperly attempted to assist Plaintiff without her consent or approval, as well as Defendant's failure to perform adequate inspections, cleanings, maintenance, warning passengers of the risk creating and/or dangerous conditions, and/or other activities to help make sure Plaintiff and the area where Plaintiff fell were safe, and Plaintiff's incident occurred, and Plaintiff suffered severe injuries as a result.

50.    Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred and/or would have been substantially lessened.

51.    As a result of the Defendant's negligence, Plaintiff has suffered the loss of the value of Plaintiff's scooter, severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of ability to earn money.

52.    The losses are either permanent or continuing in nature.

53.    Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, DOROTHY CROWE, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, including the loss of the value of Plaintiff's scooter, including the loss of the value of Plaintiff's scooter, as well as for

damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITIONS

54.    Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 14 as if set forth herein.

55.    At all times relevant, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

56.    Such duty includes, but is not limited to, the duty that Defendant owes to warn passengers of any dangers that it knew or should have known of that were not open and obvious to Plaintiff.

57.    Such duty also includes, but is not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

58.    At all times material, Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with Defendant, breached the duty of reasonable care owed to the Plaintiff and was negligent by failing to warn Plaintiff of the dangers posed by the subject crewmembers, the subject area, and the vicinity, of which Defendant knew or should have known of.

59.    These dangerous conditions were also created by Defendant.

60.    Defendant either failed to adequately inspect these crewmembers or the area to ensure

that there were no dangers that passengers needed to be warned of, or Defendant failed to warn Plaintiff despite knowing of the dangers.

61.   In addition, Defendant either knew or should have known of these dangers, due to reasons that include, but are not limited to, prior substantially similar incidents, complaints of incidents, complaints of these dangers, the length of time that these dangers existed, Defendant's participation in the instillation and/or design of the subject area and the vicinity, Defendant's acceptance of the ship with these design defects, because these conditions violated relevant safety standards/recommendations/other guidelines, and/or for other reasons that will be revealed during discovery.

62.   These dangers existed for a period of time before the incident.

63.   These dangers were neither open nor obvious to Plaintiff.

64.   Defendant's breach was the cause in-fact of Plaintiff's great bodily harm in that, but for Defendant's breach, Plaintiff's injuries would not have occurred.

65.   Defendant's breach proximately caused Plaintiff great bodily harm in that the incident that occurred was a foreseeable result of Defendant's breach.

66.   As a result of Defendant's negligence, Plaintiff has suffered the loss of the value of Plaintiff's scooter, severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

67.   The losses are either permanent or continuing in nature.

68.   Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

WHEREFORE, Plaintiff, DOROTHY CROWE, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, including the loss of the value of Plaintiff's scooter, including the loss of the value of Plaintiff's scooter, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money in the future, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT IV**
**NEGLIGENT DESIGN, INSTALLATION, AND/OR APPROVAL OF THE SUBJECT**
**AREA AND THE VICINITY**

69.     Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 14 as if set forth herein.

70.     At all times material hereto, Defendant owed a duty to its passengers, and in particular to Plaintiff, not to permit hazards to be in places where they could harm passengers, such as the area of the incident, as well as to design and install reasonable safeguards.

71.     At all times material hereto, Defendant participated in the design process of the subject vessel, ramp, and gangway by generating design specifications for the builder(s) to follow, and put the subject vessel, ramp, and gangway on which the Plaintiff was injured into the channels of trade, and/or Defendant approved of the subject vessel, ramp, and gangway's design, including the design of the subject area and the vicinity.

72.     At all times material hereto, Defendant manufactured, designed, installed, and/or approved of the Carnival *Sunshine*, including providing specifications to the builder(s) in the

original build process, and/or during refurbishments, and as such owed a duty to its passengers, and in particular to the Plaintiff, to design, install and/or approve of the subject area and the vicinity without any defects.

73.   At all times material hereto, Defendant through its agents and/or employees who were acting in the course and scope of their employment and/or agency with Defendant, designed, installed, and/or approved of the subject area and the vicinity involved in Plaintiff's incident, which was also in violation of the applicable industry standards/recommendations/and/or other guidelines.

74.   Upon information and belief, Defendant provides design elements of the subject vessel, ramp, and gangway to the builder(s) and/or approves of design elements which include the subject area and the vicinity

75.   Upon information and belief, Defendant maintains the contractual right to participate, review, modify, and/or reject the design plans and drawings of the subject vessel, ramp, and gangway, including the Carnival *Sunshine*, during the new build process.

76.   Upon information and belief, Defendant has the right to enter the subject vessel, ramp, and gangway and inspect it during construction to ensure that it is being constructed in accordance with the design specifications and has a right to insist on changes when safety concerns are identified.

77.   Upon information and belief, Defendant has the right to inspect and reject design elements before taking possession of the subject vessel, ramp, and gangway.

78.   At all times material hereto, Defendant knew or had reason to know the subject area and the vicinity involved in Plaintiff's incident were unreasonably dangerous.

79.   Defendant should have known of these dangerous conditions through inspecting the

subject area and the vicinity involved in Plaintiff's incident, and if it did not know of these dangerous conditions, this was because it failed to adequately inspect the subject area and the vicinity involved in Plaintiff's incident.

80.    In addition, Defendant either knew or should have known of these dangerous conditions, due to reasons that include, but are not limited to, prior substantially similar incidents, complaints of incidents, complaints of these conditions, the length of time that these conditions existed, because these conditions violated relevant safety standards, and/or for other reasons that will be revealed during discovery.

81.    However, Defendant permitted dangerous deficiencies to be present in the area of the incident without correcting these design deficiencies, and did not design and install reasonable safeguards.

82.    The design flaws that made the subject area and the vicinity involved in Plaintiff's incident unreasonably dangerous were the direct and proximate cause of Plaintiff's injuries.

83.    Defendant is liable for the design flaws of the subject vessel, ramp, and gangway, including of the subject area and the vicinity involved in Plaintiff's incident, which it knew or should have known of.

84.    Defendant failed to correct and/or remedy the defective conditions despite the fact that it knew or should have known their danger.

85.    As a result of Defendant's negligence, Plaintiff has suffered the loss of the value of Plaintiff's scooter, severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

86.    The losses are either permanent or continuing in nature.

87.    Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

WHEREFORE, Plaintiff, DOROTHY CROWE, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, including the loss of the value of Plaintiff's scooter, including the loss of the value of Plaintiff's scooter, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money in the future, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT V**
**NEGLIGENCE AGAINST DEFENDANT FOR THE ACTS OF ITS CREWMEMBERS**
**BASED ON VICARIOUS LIABILITY**

88.    Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 14 as if set forth herein.

89.    Defendant at all relevant times, owed the Plaintiff a non-delegable duty to exercise the reasonable care required for the safety of a fare-paying passenger.

90.    Alternatively, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

91.    To the extent Defendant contests its responsibility for the conduct of its crewmembers, including the crew member(s) that improperly shoved Plaintiff's scooter without her consent or approval, as well as the crew member(s) that failed to adequately inspect, clean, and/or maintain the subject area and the vicinity, warn passengers of the risk creating and/or

dangerous conditions, and/or do other activities to help make sure the subject area and the vicinity were safe, Plaintiff alleges that these individuals were agents of Defendant, for the following reasons:

92.    The crewmembers were the employees of Defendant, or were Defendant's agents, apparent agents, and/or servants.

93.    The crewmembers were subject to the right of control by Defendant.

94.    The crewmembers were acting within the scope of their employment or agency.

95.    Defendant acknowledged that the crew and officers would act on Defendant's behalf, and they accepted the undertaking.

96.    Defendant is vicariously liable for the acts of its crewmembers.

97.    Defendant is vicariously liable for its crewmembers' negligent acts of improperly shoving Plaintiff's scooter without her consent or approval, as well as failing to inspect, clean, and/or maintain the subject area and the vicinity, failing to warn passengers of the risk creating and/or dangerous conditions, and/or failing to do other activities to help make sure the subject area and the vicinity were safe.

98.    This negligence proximately caused Plaintiff great bodily harm in that, but for this negligence, Plaintiff's injuries would not have occurred.

99.    As a result of Defendant's negligence, Plaintiff has suffered the loss of the value of Plaintiff's scooter, severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

100.  The losses are either permanent or continuing in nature.

101.  Plaintiff has suffered these losses in the past and will continue to suffer such loses in

the future.

WHEREFORE, Plaintiff, DOROTHY CROWE, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, including the loss of the value of Plaintiff's scooter, including the loss of the value of Plaintiff's scooter, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money in the future, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

**COUNT VI**
**NEGLIGENT FAILURE TO INSPECT, CLEAN, MAINTAIN, AND/OR OTHERWISE REPAIR/REMEDY PREMISES**

102. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 10 through 14 as if set forth herein.

103. Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

104. This duty includes, but is not limited to, the duty to provide its passengers reasonable care by inspecting, cleaning, maintaining, and repairing/remedying its ship, ramps/gangways, and all parts and connected areas and parts thereof, so that they are in a reasonably safe condition for the use and enjoyment of its passengers, including, but not limited to, by inspecting, cleaning, maintaining, and repairing/remedying the subject area and the vicinity.

105. At all times material, Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency

with Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent by failing to inspect, clean, maintain, and to remedy/repair the subject area and the vicinity involved in Plaintiff's incident such that the unreasonably risk creating and/or dangerous conditions existed, and Plaintiff's incident occurred.

106.  These risk creating and/or dangerous conditions were caused by design defects and/or by Defendant's failure to adequately inspect, clean, maintain, and/or to repair/remedy the subject area and the vicinity involved in Plaintiff's incident.

107.  Defendant's failure to adequately clean, maintain and/or repair/remedy the subject area and the vicinity involved in Plaintiff's incident was either due to its failure to adequately inspect them prior to Plaintiff's incident to ensure that they were in a reasonably safe condition, or due to its failure to adequately clean, maintain and/or repair/remedy them despite its knowledge of the dangerous conditions, which posed a risk to its passengers.

108.  In addition, Defendant either knew or should have known of these dangerous conditions, due to reasons that include, but are not limited to, prior substantially similar incidents, complaints of incidents, complaints of these conditions, the length of time that these conditions existed, Defendant's participation in the instillation and/or design of the subject area and the vicinity involved in Plaintiff's incident, Defendant's acceptance of the ship, the subject area, and the vicinity, with these design defects, and/or because these conditions violated relevant safety standards.

109.  Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred.

110.  As a result of Defendant's negligence, Plaintiff has suffered the loss of the value of Plaintiff's scooter, severe bodily injury resulting in pain and suffering, disability, disfigurement,

mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

111.  The losses are either permanent or continuing in nature.

112.  Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

WHEREFORE, Plaintiff, DOROTHY CROWE, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, including the loss of the value of Plaintiff's scooter, including the loss of the value of Plaintiff's scooter, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of ability to earn money in the future, loss of important bodily functions, and loss of capacity for the enjoyment of life; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, DOROTHY CROWE, demands trial by jury on all issues so triable.

**Dated:** December 9, 2020.

Respectfully submitted,

*/s/ Matthias M. Hayashi*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**ARONFELD TRIAL LAWYERS**
**Aronfeld.com**
**Page 21 of 22**

ARONFELD TRIAL LAWYERS
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:    (305) 441.0440
F:    (305) 441.0198
***Attorneys for Plaintiff***